IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TASHAL SHIELDS, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                        PLAINTIFFS

v.                                                    CIVIL ACTION NO. 1:19-CV-00222-GHD-RP

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY                                                DEFENDANT

### ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS

Presently before the Court is the parties' joint motion [19] to stay these proceedings based on a pending Fifth Circuit decision in a case raising similar issues. Upon due consideration, the Court finds that the motion should be granted.

The parties have filed a joint motion seeking to have the Court stay these proceedings pending an impending ruling by the Fifth Circuit in the matter of *Mitchell v. State Farm Fire & Casualty Company*, No. 18-60776 (consolidated with No. 19-60201) (5th Cir.), the resolution of which will likely materially impact the claims pending in this case. The parties in *Mitchell* have completed briefing in the Fifth Circuit and oral argument on the matter was conducted on October 7, 2019. Both the plaintiffs in *Mitchell* and the Plaintiffs in the case *sub judice* allege, *inter alia*, breach of contract based on the respective defendant insurers' alleged depreciation of labor and non-materials in the calculation of the "actual cash value" amounts regarding the payment of homeowners' structural damage claims. Based on this direct overlap between issues pending decision in the *Mitchell* appeal and in this case, the parties herein aver, and the Court agrees, that the outcome of the *Mitchell* appeal will likely be directly relevant to the issues raised in this matter.

1

It is axiomatic that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997 (internal citation omitted); see also *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Given the importance of the impending *Mitchell* decision on issues pending in the case *sub judice*, the Court finds that a stay of these proceedings is warranted. See *McGregory v. 21st Century Ins. & Fin. Servs., Inc.*, No. 1:15-CV-00098-DMB-DAS, 2016 WL 11643678, at *2, *5 (N.D. Miss. Feb. 2, 2016) (granting opposed motion to stay pending resolution of separate case, and stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The parties shall inform the Court of the outcome in the *Mitchell* appeal within ten days of the date the Fifth Circuit issues its ruling. In addition, the Plaintiffs shall file any response to the Defendant's pending motion to dismiss [15] within fourteen days of the date the parties inform the Court of the Fifth Circuit's ruling in *Mitchell*. The Defendant shall then in turn file any rebuttal in support of its pending motion to dismiss within seven days of the date the Plaintiffs file any response to the subject motion to dismiss.

ACCORDINGLY, it is HEREBY ORDERED that:

(1) the parties' joint motion to stay these proceedings [19] is GRANTED; these proceedings are hereby STAYED in their entirety pending the Fifth Circuit's ruling in *Mitchell v. State Farm Fire & Casualty Company*, Case No. 18-60776 (consolidated with Case No. 19-60201); the parties shall notify this Court within ten days of the issuance of the Fifth Circuit's ruling in *Mitchell*, at which time the stay of these proceedings will be lifted; and

(2) the Plaintiffs shall file any response to the Defendant's pending motion to dismiss [15] within fourteen days of the date the parties inform the Court of the Fifth Circuit's ruling in the *Mitchell* appeal; the Defendant shall then in turn file any rebuttal in support of

its motion to dismiss within seven days of the date the Plaintiffs file any response to the subject motion to dismiss.

SO ORDERED, this, the 26th day of February, 2020.

_____
SENIOR U.S. DISTRICT JUDGE