IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TASHAL SHIELDS, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                   PLAINTIFFS

v.                                         CIVIL ACTION NO. 1:19-CV-00222-GHD-RP

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY                                           DEFENDANT

<u>OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE
AND LIFTING STAY OF PROCEEDINGS</u>

Presently before the Court in this putative class action insurance dispute is the Defendant's Amended Motion to Dismiss pursuant to Rule 12 (b)(1), 12(b)(2), 12(b)(6), and 12(h)(3) of the Federal Rules of Civil Procedure [15, 26] and the Defendant's motion to strike non-Mississippi class action allegations [28]. Upon due consideration and as set forth below, the Court finds that the motions should be denied. Further, the Court shall lift the stay of proceedings that was previously entered in this matter [20, 25].

### I. Factual and Procedural Background

The Plaintiff, Tashal Shields, maintains a residence in Corinth, Mississippi. [First Amended Class Action Complaint, Doc. No. 23, at 1]. insured the residence under a Homeowners Policy, No. 0720848000, written by the Defendant Metropolitan Property and Casualty Insurance Company, and paid the requisite annual premiums for the coverage. [*Id.* at 2-3]. The policy provides, *inter alia*, that payment for covered loss may be for "Actual Cash Value," ("ACV"), which may include a deduction for depreciation of certain costs. [*Id.* at 3].

In April 2017, while insured under the policy, Plaintiff's residence suffered direct physical damage by a covered named peril. [*Id.*] The Plaintiff promptly notified the Defendant of the loss

and made a claim under the insurance policy. [*Id.*] The Defendant inspected the Plaintiff's residence and determined that the loss was covered under the insurance policy. [*Id.*]

On April 19, 2017, the Defendant notified the Plaintiff that the payment she was receiving was the ACV as calculated by Defendant. [*Id.* at 3-4]. In calculating the Plaintiff's ACV payment, the Defendant deducted depreciation from the replacement cost value (RCV).[1] [*Id.*] The Plaintiff alleges that Defendant's method of calculating the ACV resulted in a payment amount that is lower than the amount Plaintiff should have received under the Policy. [*Id.* at 4]. The Plaintiff argues that Defendant, in calculating the ACV, depreciated costs associated with labor; the Plaintiff asserts that labor should not be depreciated because it does not depreciate in value over time and because the policy language is ambiguous regarding the depreciation of labor costs. [*Id.* at 4-5]. Based on Defendant's alleged practice of depreciating labor costs, the Plaintiff avers that her ACV payment was less than the amount she was entitled to receive under the policy, and that the Defendant thus breached its obligations under the policy.

The Plaintiff filed her Complaint in this matter on December 9, 2019 [1]; she then filed an Amended Complaint on April 1, 2020 [23]. In the Amended Complaint, the Plaintiff alleges that the Defendant breached its contractual duty to pay Plaintiff and members of the proposed class the true ACV of their claims by wrongfully depreciating labor costs (Count I); the Plaintiff also seeks a declaratory judgment decreeing that the policy, as written, prohibits the Defendant from depreciating labor costs when calculating losses and ACV (Count II). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant now moves to dismiss Plaintiff's entire complaint.

---

[1] The Defendant calculated that the Replacement Cost Value of the Plaintiff's property was $25,997.19; it reduced the value by $4,041.83 for depreciation. [*Id.* at 4].

2

## II. Standards for Dismissal

Under Rules 12(b)(1) and 12(h)(3), if the Court lacks subject matter jurisdiction to adjudicate one or more of the Plaintiff's claims because the Plaintiff lacks standing, those claims must be dismissed. *Harold H. Huggins Realty, Inc., v. FNC, Inc.*, 634 F.3d 787, 795, n.2 (5th Cir. 2011). In analyzing a motion to dismiss under Rule 12(b)(1) or 12(h)(3), the court must accept as true the allegations set forth in the complaint. *Crane v. Johnson*, 783 F.3d 244, 250-51 (5th Cir. 2015).

Under Rule 12(b)(2), when a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the Court possesses personal jurisdiction over the defendant. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In determining whether a *prima facie* case for personal jurisdiction has been established, the allegations of the complaint, unless controverted by opposing affidavits, must be taken as true and all conflicts in the facts must be resolved in favor of the plaintiff. *Id.*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). On a motion to dismiss filed pursuant to Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. Analysis[2]

#### A. Defendant's Motion to Dismiss Under Rules 12(b)(1), 12(b)(2), and 12(h)(3)

The Defendant first moves to dismiss the Plaintiff's complaint on the basis of standing, pursuant to Rules 12(b)(1) and 12(h)(3). In essence, the Defendant argues that the Plaintiff, who is a putative class representative, lacks Article III standing to bring claims as a class representative on behalf of non-Mississippi resident putative class members under the laws of states in which she

---

[2] The asserted basis for federal jurisdiction in this matter is 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA"). [Doc. 23, at 2]. Because CAFA is based on diversity jurisdiction, courts apply the substantive law of the forum state. *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008). Under Mississippi law, a breach of contract claim requires a showing of "(1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it." *Maness v. K & A Enterprises of Mississippi, LLC.*, No. 2017-CA-00173-SCT, 2018 WL 774010, at *8 (Miss. Feb. 8, 2018) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).

4

does not reside. This argument has been rejected by district courts in the Fifth Circuit as well as elsewhere. See, e.g., *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 585 (E.D. Tex. 2017) (holding that fact putative class representative did not reside or purchase subject products in states where putative class members resided or purchased products did not implicate class representative's standing to bring claims on behalf of class); *Broquet v. Microsoft Corp.*, No. 08-094, 2008 WL 2965074, at *2 (S.D. Tex. July 30, 2008). In short, the Defendant's reliance on Article III standing to challenge whether the Plaintiff can represent putative class members from other states is misplaced – the Plaintiff alleges injury and seeks to bring claims on behalf of herself and other purported similarly situated individuals who allegedly suffered a similar injury at the hands of the Defendant, and the Defendant does not aver that the Plaintiff fails to possess standing to bring her claims or claims on behalf of Mississippi resident class members. As other courts have made clear, this situation clearly presents a case or controversy between the Plaintiff, the putative class members, and the Defendant such that the Plaintiff possesses standing to bring these claims on a representative basis and the Court possesses subject matter jurisdiction to adjudicate this dispute. *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2nd Cir. 2018); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *Dragoslavic*, 274 F. Supp. 3d at 585. The Court expresses no opinion today on whether these claims are proper for class certification as that determination will occur at a later date, but rather simply that the Plaintiff possesses standing to bring the claims at this juncture. The Defendant's motion to dismiss the claims on this basis pursuant to Rules 12(b)(1) and 12(h)(3) is therefore denied.

Next, the Defendant argues that the Court does not possess personal jurisdiction over the Defendant relative to the claims of the putative out-of-state class members, and that those claims should be dismissed pursuant to Rule 12(b)(2). As with the Defendant's argument regarding

standing, this argument for dismissal likewise fails. The primary case upon which the Defendant relies, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) dealt with the issue of a *state* court's power to exercise personal jurisdiction over a defendant relative to out-of-state plaintiffs' claims in a single *mass tort action*, not a class action, when those plaintiffs resided in other states and their claims had no connection to California. *Id.* at 1783-84. The Supreme Court specifically noted in *Bristol-Myers* that its decision did not address the exercise of personal jurisdiction by federal courts, and the decision did not address class actions, but rather mass tort actions where each individual plaintiff is named and is joined as a plaintiff. *Id.* at 1784.

For its part, the Fifth Circuit has held that it is generally premature for a defendant to seek dismissal of nonresident putative class members' claims on personal jurisdiction grounds before the plaintiff has formally moved for class certification. *Cruson v. Jackson Life Ins. Co.*, 954 F.3d 240, 250-51 (5th Cir. 2020) (holding that "a personal jurisdiction defense as to putative non-resident class members [is] not available" until class certification stage). District courts within the Fifth Circuit have held likewise. See, e.g., *Richmond v. National Gypsym Servs. Co.*, No. 18-7453, 2018 WL 5016221, at *4-*5 (E.D. La. Oct. 16, 2018) ("*Bristol-Myers* should not be read to bar the exercise of jurisdiction over nonresident plaintiffs' claims in a class action."). In the case *sub judice*, the putative class representative, Tashal Shields, resides in Mississippi and alleges harm related to actions taken by the Defendant in Mississippi; the Defendant does not dispute that the Court possesses personal jurisdiction over the Defendant regarding these claims and, at this juncture, pre-class certification, only her claims are at issue. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 444-48 (7th Cir. 2020). Thus, as the Fifth Circuit held in *Cruson*, the Defendant's argument regarding personal jurisdiction over the putative non-Mississippi residents' claims is premature.

6

*Cruson*, 954 F.3d at 250-51. In contrast, the personal jurisdiction analysis propounded by the Supreme Court in *Bristol-Myers* involved named and joined plaintiffs in a consolidated mass tort action in a state court. Accordingly, as other courts have likewise held, the Court finds that the *Bristol-Myers* analysis does not apply in this context. The Defendant's motion to dismiss pursuant to Rule 12(b)(2) is therefore denied.

### B. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim for Breach of Contract (Count I)

The Plaintiff asserts that the Defendant breached the parties' contract of insurance by depreciating the value of labor in determining the amount of the Plaintiff's ACV payment under the policy. [Doc. 23, at 4]. Assuming the facts in the complaint are true and construing them in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has sufficiently pled a breach of contract claim.

"Mississippi treats insurance policies as contracts, which 'are to be enforced according to their provisions.'" *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *Noxubee Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So.2d 1159, 1166 (Miss. 2004)). A contract "must be interpreted as written" only if it is "clear and unambiguous." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So.2d 956, 963 (Miss. 2008)). Ambiguity exists when the "policy language is susceptible of two or more reasonable interpretations." *Miss. Farm Bureau Cas. Ins. v. Britt*, 826 So.2d 1261, 1265 (Miss. 2002). "Under Mississippi law, ambiguous and unclear policy language must be resolved in favor of the non-drafting party—the insured." *Noxubee Cty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So.2d 1159, 1165 (Miss. 2004) (citing *Harrison v. Allstate Ins. Co.*, 662 So.2d 1092, 1094 (Miss. 1995)). In reviewing policy terms, the "terms used in the insurance policy should be understood in their plain,

ordinary, and popular sense rather than in a philosophical or scientific sense." *Blackledge v. Omega Ins. Co.*, 740 So.2d 295, 298 (Miss. 1999). "[A] policy should be drafted to accommodate the average person who will give its terms a general reading. An insurance policy should be strictly construed against the insurer, and the insurer has the burden of phrasing the terms in clear language." *Conner v. Am. Pub. Life Ins. Co.*, 448 F.Supp.2d 762, 766 (N.D. Miss. 2006) (quoting *Burton v. Choctaw County*, 730 So.2d 1, 9 (Miss. 1997)).

In the case *sub judice*, as is the case in several other cases pending in various Mississippi federal courts against several different insurers, the terms "depreciation" and "actual cash value" are at issue. The Plaintiff argues that the terms are ambiguous because the policy fails to specify that labor costs may be depreciated when calculating ACV; the Defendant argues that the policy terms are unambiguous because, in Mississippi, "actual cash value" is "generally understood to mean 'replacement cost less depreciation,'" and Mississippi state courts have yet to specifically interpret ACV to prohibit labor cost depreciation.

Both the Fifth Circuit Court of Appeals, in affirming a decision issued by another district court in this state, and this Court in a previous decision, have held, however, in cases with policies of insurance that contain language substantially similar to the one at issue here, that the term "actual cash value," as it relates to the depreciation of labor costs, is ambiguous and thus is construed against the drafter of the policy, the insurer.[3] *Mitchell v. State Farm Fire & Cas. Co.*,

---

[3] Several courts outside of Mississippi have dealt with similar ACV questions. State courts in Minnesota, Oklahoma, Nebraska, and Florida have found that the term "ACV" allows an insurer to depreciate labor costs. *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780 (Minn. 2016); *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1021 (Okla. 2002); *Henn v. Am. Family Mut. Ins. Co.*, 295 Neb. 859, 894 N.W.2d 179, 190 (2017); *Goff v. State Farm Florida Ins. Co.*, 999 So.2d 684, 689 (Fla. Dist. Ct. App. 2008). Other courts, however, in the states of Arkansas, Missouri, Illinois, and Kentucky have found in the opposite. *Adams v. Cameron Mut. Ins. Co.*, No. 2:12-cv-02173-PKH, 2013 WL 1876660 (W.D. Ark. 2013); *Riggins v. Am. Family Mut. Ins. Co.*, 106 F.Supp.3d 1039 (W.D. Mo. 2015); *Sproull v. State Farm Fire & Cas. Co.*, 2015 IL App (5th) 180577 (July 24, 2020); *Brown v. Travelers Cas. Ins. Co. of Am.*, No. 15-50, 2016 WL 1644342 (E.D. Ky. Apr. 25, 2016).

345 F. Supp. 3d 847, 853 (N.D. Miss. 2018), *aff'd* 954 F.3d 700 (5th Cir. 2020) (affirming district court's ruling that term "actual cash value" was ambiguous and thus, under Mississippi law, must be interpreted in favor of the insured in relation to the depreciation of labor); *Huey v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:19CV153-GHD-JMV, 2020 WL 5370950, at *3 (N.D. Miss. Sept. 8, 2020) (this Court holding that undefined term "actual cash value" is ambiguous and thus the ambiguity must be resolved in favor of the insured); *Titan Exteriors, Inc. v. Certain Underwriters at Lloyd's*, 297 F. Supp. 3d 628 (N.D. Miss. 2018) (same). Accordingly, the Court finds, as it did in *Huey* and *Titan Exteriors* and as the Fifth Circuit affirmed in *Mitchell*, that the term "actual cash value" in the subject policy is ambiguous and can be interpreted to either include or exclude labor cost depreciation; the Court thus resolves that ambiguity in favor of the Plaintiff, as Mississippi law directs. *Noxubee Cty. Sch. Dist.*, 883 So.2d at 1165.

As for the Plaintiff's specific allegations, in Count I of the Complaint, the Plaintiff sets forth several specific allegations regarding the Defendant's payment of ACV, including that labor costs were depreciated in her claim, that the policy does not permit the depreciation of labor costs, that she was thus underpaid on her ACV claim, and that the Defendant has therefore breached its obligations under the policy. [Doc. 23, at 3-5]. Given that the Court has found, as it has previously held and as the Fifth Circuit recently held, that the term Actual Cash Value is ambiguous in relation to the depreciation of labor costs in the policy, the Court finds that the Plaintiff has stated a viable claim for breach of contract. Accordingly, the Court finds that, when viewed in the light most favorable to the Plaintiff, the facts alleged in the Complaint regarding the breach of contract claim against the Defendant are sufficiently pled to survive the Defendant's Rule 12(b)(6) motion to dismiss. The Defendant's motion to dismiss Count I of the Complaint for breach of contract shall therefore be denied.

### C. Defendant's Motion to Dismiss Plaintiff's Claim for Declaratory Relief (Count II)

Pursuant to the Declaratory Judgment Act, this court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201. In Count II of the Complaint, the Plaintiff seeks a declaration that the subject insurance policy prohibits the Defendant from depreciating labor costs in adjusting losses when calculating ACV. The Defendant argues that declaratory relief is not proper because the Plaintiff primarily seeks monetary damages in this matter.

The Court finds that, while the Plaintiff does seek monetary relief in relation to her claim for breach of contract, the request for declaratory relief is broader and is thus appropriate, at this juncture, because it seeks a declaration from the Court that the Defendant's practice of depreciating labor costs in calculating ACV payments is itself unlawful on an ongoing basis. Other district courts within the Fifth Circuit have ruled likewise in similar situations. See, e.g., *Verde Minerals v. Koerner*, No. 2:16-CV-199, 2017 WL 7052205, at *5 (S.D. Tex. Aug. 14, 2017) (allowing claims to proceed for both breach of covenant and for declaratory relief when continuing duty at issue); *Trammell Crow Residential Co. v. Virginia Surety Co.*, 643 F. Supp. 2d 844, 856 n.15 (N.D. Tex. 2008). In addition, Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Accordingly, the Court finds that Count II of the Complaint, which seeks a declaratory judgment that is otherwise appropriate, should not be dismissed at the present juncture.

### D. Defendant's Motion to Strike Non-Mississippi Class Action Allegations

Finally, the Defendant moves the Court to strike the Plaintiff's non-Mississippi class action allegations.

The Plaintiff seeks to define a putative class that includes similarly-situated Mississippi, Kentucky, Ohio, and Tennessee policyholders [Doc. 23, at p. 6]. The Defendant, presumably previewing its argument regarding Rule 23 class certification, seeks to strike the non-Mississippi class allegations, on grounds that Rule 23's prerequisites cannot be met and that differences in each state's substantive law and limitations period render the claims non-viable at this juncture. For the following reasons, the Court disagrees and shall, at this juncture, permit the Plaintiff's allegations to proceed.

First, the motion is premature. Courts disfavor early motions to strike class allegations, except in rare circumstances that the Court finds are not present in the case *sub judice*. *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *6 (E.D. La. Mar. 19, 2018) (denying motion to strike as premature because discovery had not commenced and plaintiff had yet to file class certification motion); *Cone v. Sanitarios Lamosa S.A. de C.V.*, No. 17-00001, 2017 WL 4532636, at *1 (E.D. Tex. Sept. 22, 2017) (denying motion to strike class allegations and holding that objections are more appropriately resolved at class certification stage of proceedings); *Warnock v. State Farm Mut. Auto. Ins. Co.*, No. 08-01, 2009 WL 10676946, at *1 (S.D. Miss. Mar. 31, 2009) (same).

In the case *sub judice*, the Court finds that the principle set forth in the above-cited cases holds true – the Defendant's motion is simply premature. No discovery has taken place in this matter and the Plaintiff has yet to file a motion seeking class certification. The Defendant's arguments regarding the Plaintiff's out-of-state class allegations are simply more appropriately addressed at that time. For those reasons, the Court denies the Defendant's motion to strike.

For the same reasons, the Court finds that the Defendant's arguments regarding any necessary conflict of laws or limitations analysis is likewise more appropriately handled at the

class certification stage, after class discovery has taken place and the Plaintiff has definitively moved for certification regarding her out-of-state allegations. In any event, federal courts, including in cases involving the interpretation of actual cash value insurance provisions, have rejected the Defendant's arguments and have certified multi-state class actions regarding state law breach of contract claims. See, e.g., *Jimenez v. Allstate Indem. Co.*, No. 07-14494, 2010 WL 3623176, at *5 (E.D. Mich. Sept. 15, 2010); *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67 (E.D.N.Y. 2004) (certifying a 46-state class action involving actual cash value insurance provisions, including plaintiffs from the states of Mississippi, Kentucky, Ohio, and Tennessee, and favorably cited by the Fifth Circuit in *Cruson*). The Court therefore finds that the Defendant's motion to strike should be denied on this ground as well.

### IV.    Conclusion

For the above-stated reasons, the Court finds that the Defendant's motion to dismiss the Plaintiff's complaint on subject matter and personal jurisdiction grounds, as well as the Defendant's motion to strike the Plaintiff's non-Mississippi class allegations at this juncture, should be denied. The Court further finds that the Plaintiff has pled sufficient facts, accepted as true, to state a claim for relief for breach of contract that is plausible on its face; in addition, the Court finds that the Plaintiff's claim for declaratory relief is appropriate at the present juncture. Accordingly, the Defendant's Amended Motion to Dismiss pursuant to Rule 12(b)(6) [15, 26] and Motion to Strike [28] shall be denied. Further, the Court shall lift the stay of proceedings that was

previously entered in this cause [20, 25].

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of December, 2020.

*/s/ Glen H. Davidson*
SENIOR U.S. DISTRICT JUDGE

13